May it please the Court, Your Honors, this case was pending in state court for 17 days before it was removed. That means it was removed 13 days before the statutory deadline expired. This Court should follow the 7th and 11th circuits and hold that the removal statute does not give district courts discretion to remand cases on the basis of waiver, except maybe in the most extreme cases. My time today, I want to address three issues. I want to first address the waiver finding, and then I want to address A.W.'s two jurisdictional arguments, unless the Court wants to hear about jurisdiction first. Well, what do you do with Weaver, the decision of our Court from 1980? Well, Your Honor, I don't read Weaver as having held that waiver-based remands are categorically barred. Have other circuits sort of read Weaver that way? The Tenth Circuit read Weaver that way, and the dissent in Rothner read Weaver that way. How about the Seventh also had? The dissent in the Seventh Circuit, the majority in Rothner in the Seventh Circuit read Weaver the way this Court has read Weaver in subsequent cases to mean that this Court can't review ambiguous remand orders. So in Weaver, this Court did not say, because the district court remanded on the basis of review. In Weaver, this Court said, this remand order is ambiguous, and it looks to us like the district court felt jurisdiction was lacking, therefore, we can't review. And lack of subject matter jurisdiction is a statutory basis for remand. Well, the waiver doesn't say subject matter jurisdiction, does it? It just says, we presume the district court thought it lacked jurisdiction. That's right. In the Tillman case, which we cite in our reply, that is how this Court characterized the holding in Weaver as having been based on a belief that jurisdiction was lacking. And the order in this case can't be read as having been based on a jurisdictional defect. Well, so obviously, this Court, we're bound by our precedents, and we can't get out of them unless we go on bonk. However, there are some exceptions to that, and one of them is where the old decision has been, I forget the language exactly, unambiguously or explicitly overruled or discarded by subsequent developments. Are you making any kind of argument? Because 1980 is a long time ago. I was only eight years old in 1980, so. Yes, Your Honor. So that's the second problem with the Weaver argument. And the second problem is, since 1980, the statute has been amended, and the Supreme Court has said a lot of things about the new version of the statute. There's the whole Quackenbush line of cases. And under Quackenbush, if the remand is not based on a statutory provision, and here there's no argument that it was. So under Quackenbush, this Court has appellate jurisdiction, and if the Court engages in the analysis required by Quackenbush, I don't think that's really debatable in this case. And to the extent Weaver required. Was it your view that Quackenbush somehow implicitly repudiated or overruled Weaver? Not, well, the way I read Weaver, no. You wouldn't have to say that, because the way I read Weaver and the way this Court explained Weaver and Tillman, you don't need to say that there's a conflict, because I just don't think that's what Weaver said. But I do think that if this Court were to follow A.W.'s reading of Weaver, then yes, I think it's incompatible with Quackenbush and the statutory amendments, and this Court would have to follow the Quackenbush line of cases. So I want to turn to the waiver issue. I think this Court should adopt the Seventh and Eleventh Circuit approach for three reasons. And the first is that approach is the one that is the most consistent with Congress's statutory scheme for removal. Congress has, by statute, told the courts what the rules for removal are, and has provided the Court with the luxury of a bright-line rule. That bright-line rule says that at the beginning of a case, the doors to the federal courthouse shall be opened and shall remain open for 30 days. So Congress has made the determination that 30 days is the appropriate amount of time the defendants need to research removability and to make a decision on removability. And in this case, the removability issue was not straightforward. Before this case, I had never heard of a T.N. visa. I didn't know what a T.N. visa was or whether that gave my client permanent residence and what that meant under the removal statute. And that bright-line rule was also adopted to create uniformity throughout all the federal courts. Congress has told the courts removal procedures should be the same everywhere, from the District of Maine to the District of Guam. And the rule that the Tenth Circuit has adopted and the rule that AWS has called to adopt would obliterate that uniformity. And, for example, in Tedford, this court held that the filing of a special exception does not waive removal. Based on Tedford, district courts in Louisiana have held that the filing of peremptory exemptions don't waive removal. And based on Tedford, in the McAllister case that we cite in our reply, a district court in Mississippi held that a Mississippi Rule 12b6 motion doesn't waive removal. So the rule that AWS is asking this court to adopt would say, well, there must be something that distinguishes a Texas special exception between a Texas TCPA motion and a Louisiana peremptory exemption, and federal courts should not have to wade into such nuanced questions of state procedure when deciding whether a case was properly removed. And that's what the Seventh Circuit held over 30 years ago, and that approach works. In the Seventh Circuit, there are no waiver-based remands anymore, and things are going on just fine in the Seventh Circuit. The second reason is that in ThermTron, the Supreme Court said that district courts have no discretion to remand absent statutory authority. And again, there's no argument here that there's a statutory provision authorizing district courts to remand on the basis of waiver. And if Congress wanted to give district courts that sort of discretion, Congress would have, and Congress knows perfectly well how to do that, and Congress has done that in some circumstances. For example, the Bankruptcy Removal Statute, 28 U.S.C. 1452, gives district courts extraordinarily broad discretion to remand on, for equitable reasons. General Removal Statute does not give district courts that sort of latitude. I don't want to overstate the rule in ThermTron because the Supreme Court has, of course, recognized exceptions. For example, there's no statutory provision authorizing remand on the basis of the abstention doctrines. But those exceptions to the general rule are very limited, and I think maybe in an extreme case where a defendant files a motion to dismiss in state court, argues it at a hearing, waits for the district, the state court to make a ruling, and then after having rolled the dice in state court, removes and is essentially asking the federal district court to review the state court's ruling. I think in that extreme case, a waiver-based remand may be warranted under principles of federalism. It's sort of like the Rooker-Feldman Doctrine. But because there is no statutory authority, I think it would have to be an extreme case like that. Otherwise, courts would be stepping on Congress's toes. The third reason is this Court's precedents are compatible with the Seventh Circuit approach. This Court has never signed on to an expansive waiver doctrine. And the one case that really discusses waivers, Brown v. Demko, and in that case, the Court held that the removal was both untimely and had been waived by four years of state court litigation. Then a few years later in Tedford, in footnote 15, this Court said that the Demko gloss on waiver was dictum. So this Court really hasn't ever signed on to waiver by state court participation. The other case that this Court really discussed the issue was Bailey v. FDIC, and in Bailey, this Court said that actions short of proceeding to an adjudication on the merits don't waive removal. And here, we did not proceed to an adjudication on the merits. Had we set our motion for a hearing, had we waited for a ruling, then at that point, we would have proceeded to an adjudication. And that is where most district courts have drawn the line. For example, in Ortiz v. Brownsville ISD, Judge Hanen cited Bailey and said that the mere filing of a dispositive motion does not waive removal, but a defendant who argues such a motion or otherwise urges a ruling does waive removal. And that's, again, this sort of extreme case that we're talking about. But those extreme cases just don't happen because that's part, that has to have been some of the factors that went into Congress's decision to set the deadline at 30 days. Cases aren't decided in 30 days. So while, for example, the Seventh Circuit has left the door open to that sort of extreme case, those cases just don't happen. And here, that's, here, the motion to dismiss was merely filed, and the only reason that it was filed was because the plaintiff was playing a full court press, and the day it filed its lawsuit, filed a motion asking for extreme discovery that would have required my client to hand over his electronic devices within, again, a week of the lawsuit being filed. So while we were researching removability, we had to respond to those famed emergencies and emergency settings that we wanted no part of. And that is, and the way we responded to that was by filing the motion. But I think Congress, by setting a 30-day deadline, has acknowledged that these sort of preliminary skirmishes happen in those first 30 days of a case, and yet it decided to set the deadline at 30 days. And with the time I have left, I want to address the district court's original jurisdiction. AWU is making a really pretty disingenuous argument by saying that we didn't meet our burden of proving that there's alienage jurisdiction. The record contains a copy of my client's passport, a copy of his work visa, a copy of the letter that AWU submitted to DHS requesting that work visa, and the employment eligibility verification forms that AWU prepared using my client's immigration documents. And the only thing that AWU points to is an errant trademark application that has since been corrected, and my client provided declarations explaining that that was oversight. And those declarations have not been rebutted, and AWU is not telling this court that my client is, in fact, a United States citizen. That is not an argument that AWU could make in good faith, because they, in fact, know that he's Canadian. So AWU is trying to walk a really fine line by saying, well, we don't know what he is. We lack personal knowledge, and they admit that they lack personal knowledge with which to rebut the declarations in the district court. But because there's this one conflicting document, he failed to meet his burden of proof. I would submit to this court that on this record, that is not a factual dispute that requires any fact-finding by the district court. On this record, this court can confidently say that there's alienage jurisdiction. But to the extent this court thinks that there needs to be a fact-finding, this court can do a limited remand for that purpose. This court has done that a number of times, and did it very recently in the South by Southwest case that we cite in our reply. And unless the court has any questions, I'll take my seat. Okay. Thank you very much. We'll see you back on rebuttal. Mr. Owen, welcome. Thank you, Your Honor. May it please the court, Robert Owen for Abraham Watkins. This case certainly raises interesting academic issues regarding procedural rules for remand. But we submit that under principles of stare decisis, the court should not reach the merits of the case. Are you talking about Weaver? Yes. So if it were not for Weaver, wouldn't it be crystal clear that we could review this remand order? No, I don't believe it would be. Black and Bush, 1447C, this is not a jurisdictional or a defect-based remand. Sure, Your Honor. So the Supreme Court in ThermTron holds that, well, first, let me step back to Section 1447D, which provides that an order remanding a case to a state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding this case to a state court pursuant to certain sections of this title, which don't apply, shall be reviewable. In Power Acts, the U.S. Supreme Court instructs us that the purpose and the intent behind Section 1447D is to avoid, quote, interruption of litigation of the merits of a removed case, end quote. Now, Mr. Alicorn rightly points out that the Supreme Court has recognized exceptions to 1447D, even though it seems to be very cut and dry. If we were based on that alone, I would agree with you. But our superiors up there in the Supreme Court have said, we don't read the statute that way. Understood, Your Honor. Understood, yeah. And the Supreme Court itself has recognized that, where they say, well, we see the statute seems pretty clear, but in our wisdom, we have read it not to be so clear. So this is what the Supreme Court has held, and this goes back to Thermtron, which is what this court interpreted in Weaver. So in Thermtron, the Supreme Court reads 1447D in pari materia with Section 1447C and prohibits review of remand orders when remand is based on one of two grounds, either lack of subject matter jurisdiction or a procedural defect in removal. In Weaver, we believe this court held that waiver constitutes a procedural defect in removal. So this is what the court held in, what the Fifth Circuit held in . . . Did Weaver say that, that . . . You have to . . . . . . participation . . . Well, let me read you Weaver, because I think, I think this is the only reading of Weaver that makes sense. So in Weaver, Judge Garza holds, quote, in the present case, the district court concluded that removal, if it had been proper at all, was no longer available after petitioners had sought dissolution on the injunction in state court. Such a ruling is not within the specific enumerated grounds of Section 1447C. At the same time, it does not state a non-Section 1447C ground, as was the case in Thermtron. And just as a quick aside, Thermtron, the remand order in Thermtron was based on the district court's conclusion that the district courts were overworked, and the Federal District Courts were overworked, and the case could get decided more quickly in state court. So remanded on that basis. And the Supreme Court properly, in my opinion, found that is not a proper basis for remand. Continuing with the quote from Weaver. So in such a case, this court is precluded from reviewing the order of remand, period. Now about a paragraph below, the court has explained its reasoning for why there is no review. And it says, it seems apparent that at the time of remand, Judge Enfield, the district court judge, believed that the case was not removable, leading to the logical inference that he felt that jurisdiction was lacking. Such a holding is within the guidelines of Section 1447C. So then the question becomes, what is that reasoning? What does that actually mean? It could be written. It certainly could be written more clearly. But what we know is that subject matter jurisdiction cannot be created by waiver. You can't consent to cut subject matter jurisdiction, it either exists or it doesn't. So this, where he says, where Judge Garza says he believed that the district court felt jurisdiction was lacking, that can't mean subject matter jurisdiction. He must be referring to procedural defects in the removal process. And that's actually what the Ninth Circuit has similarly held in Schmidt v. Insurance Company of North America, where the Ninth Circuit finds or holds that, quote, in order remanding a case on the ground that a defendant waived the right to remove by seeking relief in the state court is governed by the requirements of Section 1447C, and they go on to find that waiver constitutes a procedural defect with removal. So the Ninth Circuit and the Fifth Circuit, in our opinion, have both held that waiver is a procedural defect and, therefore, not subject to review. Now, obviously, the Seventh and the Tenth Circuit disagree. But that's, for our purposes, should really neither be here nor there, because we believe this panel is bound by waiver under the rule of orderliness and so should dismiss this appeal. Now, if the U.S. Supreme Court wants to decide to resolve the split, it would certainly be welcome to if they were to find this to be an important issue. But as Mr. Alarcone has said, this issue generally does not come up. I was not able to find a case since 1980 when waiver was decided in the Fifth Circuit where the Circuit considered the propriety of a remand order based on waiver. And that could either be because people don't bring the cases due to waiver or just because they don't come up that often. And in the district courts, there are not that many waiver decisions. I've got just a threshold standard of review question. So we ordinarily review jurisdictional questions de novo. Correct. But you're urging us to review the district court's remand decision for abuse of discretion. Is there any tension there? No, I don't believe so, Your Honor. And I believe this is kind of a distinction without a difference in this case, because the, and Judge Willey, you'll be very aware of this, but the Texas state courts have kind of a good phrase to decide issues like this, where sometimes there is an abuse of discretion standard applied, but to a legal issue. And the way that Texas state courts describe this is that a district court has no discretion to get the law wrong. So even though you are applying abuse of discretion standard functionally, if it's a legal issue, then functionally you have a de novo review. And so I think that's where we likely are in this case. So abuse of discretion standard, but no discretion to get the law wrong. So Judge Duncan, you had also asked if there were changes in the law that, since Weaver, because admittedly 1980 is a long time ago. I was the tender age of zero when Weaver came out. So there's been some water that's passed under the bridge. And the answer to your question is no, there is no substantive change either to the statute or to the Supreme Court's precedent that would invalidate Weaver and allow the court to depart from it. So the change in the amendment to the statute in 1988 deleted the requirement that remand could be made for an improvident removal. That wasn't even an issue in Weaver. In Weaver, the Fifth Circuit advised that the district court had not remanded on the basis of improvident removal, so that wasn't a part of the Weaver decision. And then in the subsequent Supreme Court cases, dealing with the scope of the exception to the apparent non-reviewability in Section 1447, they've continually, it has continually restated and reiterated the Therm-Tron exceptions, and those are the exceptions that apply. So there is no substantive change in the law since 1980 that would mean that Weaver does not need to be followed by the court. So, I'd like to turn to the merits, but before we do that, there is the second preliminary question. Just so I can understand that argument you just made, you don't think Quackenbush changed the playing field at all in 1996? No, I don't believe so, Your Honor. And is that because you are arguing that what happened in Weaver was a defect in removal? Correct, Your Honor, because it was, because the court holds that the waiver is a defect in removal, and so not reviewable. And the same standards apply prior to Weaver and after. Thank you. So, before I turn to the merits of the remand order, Mr. Alicone did note that there is a subject matter jurisdiction issue, and to be frank, there is one. There is competing evidence in the record by Mr. Festeriga's sworn statements where he has stated he's a Canadian citizen. He's also stated to the U.S. Patent and Trademark Office that he is a U.S. citizen, and we cannot resolve those, and in my opinion, this court can't resolve those statements. So if the court were to get past the Weaver issue, we think that the subject matter jurisdiction dispute would need to be resolved by the district court before we could get to the merits. And I agree with Mr. Alicone, the way that that would happen would be through an abatement of this appeal and a limited remand on the jurisdictional issue. And there is one other subject matter jurisdictional issue besides just citizenship, but it's with the TN visa, which is that a TN visa is not proper for self-employment, and a TN visa holder cannot be self-employed. The record indicates that Mr. Festeriga is self-employed, so we have, for lack of a better term, there are still open questions about whether he is a permanent or temporary resident of the United States, as well as his citizenship. So simply, there are too many competing fact questions at this point for the court to accept that it has subject matter jurisdiction under a diversity basis. So turning to the merits of the remand order, which the district court, in our opinion, improperly remanded on the basis of waiver. As the court knows, waiver is the intentional relinquishment or an abandonment of a known right, and that it can occur either expressly through clear repudiation of a right or impliedly  As Mr. Hollercone mentioned, at the inception of this lawsuit, he and his client filed a motion to dismiss pursuant to the Texas Citizens Participation Act, and at that point under the TCPA, an automatic stay of discovery came down, and they also asserted claims for attorney's fees, costs, and sanctions under the TCPA. Immediately after filing the TCPA motion, they asserted that they did not have to comply with any discovery requests due to the TCPA, and that there could be no discovery until that issue was resolved. There was a motion to compel that was heard in the state district court, where the district court partially agreed with Mr. Festeriga and limited discovery that was available to Abraham Watkins for purposes of pursuing injunctive relief. The parties came up with an agreed order that effectuated the district court's oral ruling and submitted it, but before that order was signed, there was the notice of removal that was filed. So this isn't a case . . . There was no hearing on the motion ever set, correct? There was a hearing, but it was not recorded. So there is no record of that hearing. Just the record of the hearing is the agreed order that the parties submitted to the court. So . . . Sorry, I lost my train of thought. Where were we? Right. This case is not like the case where somebody simply files a motion to dismiss, or files a request for special exceptions, or files any type of document in a district court that doesn't require . . . that requires further action by the state district court. When a TCPA motion is filed in a Texas state court, there are certain rights that the Texas legislature provides the move-in immediately upon the filing of the motion, which Mr. Festeriga was aware of, and took full advantage of. So if the question is, has he waived a right to removal by actions inconsistent with removal, then in our opinion, he clearly has, because he asserted rights under Texas state law that would not have been available in federal court, and stood on those rights. In DEMCO, this court said that a party who timely files a removal petition may have waived its right to removal by proceeding to defend the action in state court, or otherwise invoking the processes of that court. In our opinion, that's precisely what happened in this case, and so in our opinion, the district court properly concluded that a right to remand was waived by invoking the processes of the state court in Texas. Thank you, Your Honor. Mr. Haller-Cohn, you're back for four minutes. Thank you. Judge Willett, you asked if there was a hearing in state court. I just want to clarify, there was not a hearing on our motion to dismiss. On the TCPA motion. On the TCPA motion. There was no hearing. The only hearing was on AW's motion for expedited discovery, and that hearing was, like, within a week of the lawsuit having been filed. It was the Wednesday after Thanksgiving. But we never requested a hearing on anything. If there was a, if we appeared at a hearing, it was against our will. In fact, there's a motion to continue on file, but we didn't request the state court do anything. I want to discuss Weaver. Today's standard for appellate review is that the bar applies to remands that are based on defects in jurisdiction, and, I'm sorry, subject matter jurisdiction, and then non-jurisdictional defects. The first time that the Supreme Court announced that formulation was in 1995, and things remembered, 15 years after Weaver. So the question before the court is, is a waiver-based remand a defect in removal? And when this court decided Weaver, the statute did not use the word defect. And since Weaver, after the amendment was, after the statute was amended to include the court that has considered the issue as held, that the term defect in 1447C refers to statutory deficiencies, like the forum defendant rule or the 30-day deadline. But Weaver, I think, Judge Duncan, as you said, under Quackenbush and that line of cases, this court's appellate jurisdiction is as clear as day. But again, in your view, if we were analyzing the fact pattern in Weaver today, would there, in your view, would we be able to review the remand? So under my reading of Weaver, no. I think even today this court would say this remand order, the one in Weaver, is ambiguous and it can be read. This remand order leads to the logical inference that the district court thought jurisdiction was lacking. But I thought the whole gist of Weaver was, in state court, the defendant who removed got an injunction dissolved, right? So Your Honor, what this court Do you know what happened in Weaver? That is what happened. But the court based its ruling on the language of the order, which just said, if this case was removable at all, it was removable before this happened. Yeah, doesn't that suggest Weaver? Well, but this court said that that order led to the logical inference that the district court thought jurisdiction was lacking. I don't know what that means. I don't either. But that's how And people use jurisdiction in all sorts of ways that is not precise and that is loose language and the Supreme Court's talked about that. Well, then under that reading of Weaver, then no, that reading of Weaver is incompatible with Things Remembered, with Quackenbush, with the current version of the statute. Yeah, I mean, I mean, honestly, that's how I read it in that jurisdiction, just a throwaway comment at the end. I don't know what it means. Well, that might be. But then again, then you have to grapple with what the Supreme Court has said since Weaver. And page seven and eight of our reply, we cite five or six Supreme Court cases that Judge Willett, I want to answer your question about the standard of review. This court generally reviews remand orders de novo in Eusebio, the 11th Circuit, reviewed the waiver-based remand order de novo. I think had there been findings of fact by the district court here, those findings of fact would be reviewed for abuse of discretion. But here the district court announced a categorical rule that motions to dismiss waiver rule. Okay. Mr. Alicone, thank you. Thanks.